## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. STANLEY and <br> DENISE M. STANLEY <br><br> Plaintiffs, <br><br> v. <br><br> HOME STAR MORTGAGE SERVICES, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )   C.A. 04-11998 RCL <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  This action seeks redress against Home Star Mortgage Services, LLC for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and its Massachusetts counterparts, the Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general federal question jurisdiction),1332 (diversity jurisdiction), 1337 ( interstate commerce) and 1367 ( supplemental jurisdiction). Diversity jurisdiction is applicable as the Plaintiffs are residents of Massachusetts and seek rescission of a $260,000.00 mortgage obligation held by an out of state corporation that does not have it's principal place of business in Massachusetts.

3.  Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because

Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4.      Plaintiffs James A. and Denise M. Stanley reside at 12 E Street, Hull, MA 02045.

5.      Defendant Home Star Mortgage LLC is a Deleware corporation with its principal place of business located outside the Commonwealth of Massachusetts. The Defendant does business in Massachusetts.

6.      Home Star Mortgage Services, LLC enters into more than 5 transaction per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7.      Home Star Mortgage Services, LLC is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

## FACTS

8.      On or about April 25, 2003, Plaintiffs obtained a loan from Home Star Mortgage Services, LLC, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes. This loan paid off a prior mortgage obligation due Ameriquest Mortgage Company.

9.      In connection with the transaction, Plaintiffs James A. and Denise M. Stanley received or signed a note, a mortgage, a Truth in Lending Statement and a notice of right to cancel. The notice of right to cancel form is attached hereto as Exhibit A.

## RIGHT TO RESCIND

10. Because the transaction was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by (a) 15 U.S.C. §1635 and 12 C.F.R. §226.23 and (b) the Massachusetts Consumer Cost Disclosure Act, Mass. G.L. ch. 140D, §10 and the Massachusetts Division of Banks regulations, 209 CMR 32.23.

11. Section 226.23 provides:

**(a) Consumer's right to rescind.**

> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**
>
> **(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

> **(b) Notice of right to rescind.** In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>> (2) The consumer's right to rescind the transaction.
>>
>> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>>
>> (4) The effects of rescission, as described in paragraph (d) of this section.
>>
>> (5) The date the rescission period expires. . . .
>
> **(f) Exempt transactions.** The right to rescind does not apply to the following:
>
>> (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>>
>> (2) A credit plan in which a state agency is a creditor.

209 CMR 32.23 is similar.

    12.    The copies of the notice of right to cancel actually delivered to James A. & Denise M. Stanley provided only a limited right to cancel for a transaction involving a refinancing with the same lender. The right to cancel forms were accordingly defective and misleading, as the Plaintiffs were entitled to receive complete rescission forms of the type involving a refinancing with a different lender.

    13.    Plaintiffs therefore are entitled to an extended right of rescission: three years under federal law and four years under Massachusetts law.

14. On or about August 23, 2004, the Plaintiffs exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Home Star Mortgage Services, LLC. A copy of the notice is attached as Exhibit B.

15. Defendant did not respond to the Plaintiffs' request to rescind the loan.

16. It is the policy and practice of Home Star Mortgage Services, LLC to use the notice of right to cancel form represented by Exhibit A in cases where Home Star Mortgage Services, LLC is refinancing a loan made by a creditor other than Home Star Mortgage Services, LLC.

## COUNT I - CLASS CLAIM

17. Plaintiffs incorporate ¶¶ 1-16 as if fully set out herein.

18. By failing to provide the correct version of the notice of right to cancel form to the Plaintiffs, Defendant failed to give Plaintiffs clear and conspicuous notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

19. 15 U.S.C. § 1635(g) provides that a court may award damages under 15 U.S.C. §1640 in addition to rescission. Mass .G.L. ch. 140D §10(g) is identical except for citation.

20. The failure of the Defendant to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) and Mass .G.L. ch. 140D § 32 entitling the Plaintiffs to an award of statutory damages.

## CLASS ALLEGATIONS

21. Plaintiffs bring this claim on behalf of a class.

22. The class consists of (a) all natural persons (b) who obtained non-

purchase-money loans from Defendant that were secured by their residences, (c) on or after a date three years prior to the filing of this action (four in Massachusetts), (d) for purposes other than the initial construction or acquisition of those residences, (e) where no part of the loan proceeds was used to pay off a loan made by Defendant, (f) where the person received a document in the form represented by Exhibit A.

23. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 class members.

24. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

   a. Whether Defendant had a practice of issuing the form notice of right to cancel exemplified by Exhibit A in connection with the refinancing of loans made by someone other than Defendant;

   b. Whether doing so violates TILA.

25. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

26. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit cases.

27. A class action is superior to other alternative methods of adjudicating this dispute. Most of the class members are unaware of the deception practiced upon them. Individual cases are not economically feasible.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of

Plaintiffs and the class members and against Defendant for:

    a.    A declaration that any class member who so desires may rescind their transaction;

    b.    Statutory damages for all persons who rescind;

    c.    Attorney's fees, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems proper.

### COUNT II – INDIVIDUAL CLAIM

34.    Plaintiffs incorporate ¶¶ 1-33.

35.    Plaintiffs are entitled to rescind their transaction.

WHEREFORE, Plaintiffs request that the Court grant the following relief in favor of Plaintiffs and against Defendant:

    a.    A judgment voiding Plaintiffs' mortgage, capable of recordation in the public records;

    b.    A judgment declaring what obligation if any Plaintiffs have toward Defendant;

    c.    Attorney's fees, litigation expenses and costs of suit;

    e.    Such other or further relief as the Court deems proper.

Respectfully submitted,

_____
Christopher M. Lefebvre

                                                  Claude Lefebvre, Christopher Lefebvre P.C.
                                                  P.O. Box 479
                                                  Pawtucket, RI  02862
                                                  (401) 728-6060
                                                  (401) 728-6534 (FAX)
                                                  BBO# 629056

## JURY DEMAND

Plaintiffs demand trial by jury.

                                                        _____
                                                        Christopher M. Lefebvre

# EXHIBIT A

# NOTICE OF RIGHT TO CANCEL

REFINANCE

| | | | |
|---|---|---|---|
| LENDER: | HOME STAR MORTGAGE SERVICES, LLC<br>W115 CENTURY ROAD<br>PARAMUS, NJ 07652 | DATE<br>LOAN NO.<br>TYPE | 4/25/2003<br>5201499200<br>CONV UNINS |
| BORROWERS/OWNERS | JAMES A. STANLEY  DENISE M. STANLEY | | |
| ADDRESS | 12 ~~EAST~~ E/S STREET | | |
| CITY / STATE / ZIP | HULL, Massachusetts 02045 | | |
| PROPERTY | 12 ~~EAST~~ STREET<br>HULL, Massachusetts 02045 | | |

## YOUR RIGHT TO CANCEL

You are entering into a new transaction to increase the amount of credit previously provided to you. Your home is the security for this new transaction. You have a legal right under federal law to cancel this new transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)  The date of this new transaction, which is  4/25/2003  ; or
(2)  The date you received your new Truth In Lending disclosures; or
(3)  The date you received this notice of your right to cancel.

If you cancel this new transaction, it will not affect any amount that you presently owe. Your home is the security for that amount. Within 20 calendar days after we receive your notice of cancellation of this new transaction, we must take the steps necessary to reflect the fact that your home does not secure the increase of credit. We must also return any money you have given to us or anyone else in connection with this new transaction.

You may keep any money we have given you in this new transaction until we have done the things mentioned above, but you must then offer to return the money at the address below.

If we do not take possession of the money within TWENTY CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this new transaction, you may do so by notifying us in writing, at:
HOME STAR MORTGAGE SERVICES, LLC
W115 CENTURY ROAD
PARAMUS, NJ 07652

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of 4/29/2003 (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above).

If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

## I WISH TO CANCEL

_____   _____
CONSUMER'S SIGNATURE                     DATE

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective as to all borrowers/owners.

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL

X /s/ James A. Stanley      4/25/03        X /s/ Denise Stanley     4/25/03
BORROWER/OWNER              DATE           BORROWER/OWNER           DATE
JAMES A. STANLEY                           DENISE M. STANLEY

X _____   _____     X _____   _____
BORROWER/OWNER              DATE           BORROWER/OWNER              DATE

---

### CONFIRMATION CERTIFICATE
### DO NOT SIGN UNTIL THREE BUSINESS DAYS HAVE ELAPSED

Three business days have elapsed since the undersigned have received two copies of this document. Each of the undersigned hereby certify and warrant that they have not exercised any right which they may have to rescind the transaction, that they do not desire to do so, and that they ratify and confirm the transaction in all respects.

_____   _____     _____   _____
BORROWER/OWNER                  DATE           BORROWER/OWNER                  DATE
JAMES A. STANLEY                               DENISE M. STANLEY

_____   _____     _____   _____
BORROWER/OWNER                  DATE           BORROWER/OWNER                  DATE

---

-67 (0002)                    2/00
VMP MORTGAGE FORMS - (800)521-7291



# EXHIBIT B



## FAMILY AND CONSUMER LAW CENTER

WWW.RICONSUMERLAW.COM

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

August 23, 2004

Home Star Mortgage Services, LLC
W115 Century Rd.
Paramus, NJ 07652

RE:  James A. Stanley & Denise M. Stanley, 12 E Street, Hull, MA 02045
**File No. 2002-2495 Loan No. 2160922**

To Whom It May Concern:

I represent James and Denise Stanley concerning the mortgage loan transaction they entered into with Home Star Mortgage Services, LLC on Oct. 24, 2002. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that the Stanleys were given improper right to cancel forms in the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by Home Star Mortgage Services, LLC on the Stanley's property located at 12 E Street, Hull, MA 02045 is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my clients all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
James and Denise Stanley,
By their Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

TWO DEXTER STREET, P.O. BOX 479   PAWTUCKET, RI 02862   PHONE: (401) 728-6060   FAX: (401) 728-6534